UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYRIL E. SHEA, JR., M.D., ) | |
| BARBARA SHEA, ) | |
| ) | CASE NO: |
|     Plaintiffs ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | (DEMAND FOR JURY) |
| GE Money Bank, ) | |
| ) | |
|     Defendant. ) | |

FOR THEIR COMPLAINT against Defendant, GE Money Bank ("GE Money") the Plaintiffs, Cyril E. Shea, Jr., M.D. and Barbara Shea allege:

## NATURE OF THE CASE

1. This lawsuit arises out of a door to door home improvement contract and an alleged credit transaction without the appropriate disclosures pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 et seq.

2. The plaintiffs are retired individuals and were not properly advised of the nature of the transaction or provided appropriate explanations concerning the paperwork that was executed in their home.

3. The plaintiffs did not receive copies of the forms that allegedly created an extension of credit and were not given appropriate disclosures.

## THE PARTIES

4. Cyril E. Shea, Jr., M.D., is an individual residing at 116 Forest Ridge Road, West Springfield, Massachusetts.

5. Barbara Shea, is an individual residing at 116 Forest Ridge Road, West Springfield, Massachusetts.

6. GE Money Bank "(GE Money") is a corporation with offices in Rapid City, South Dakota.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action because is arises from an

alleged violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq.

8.      This Court has personal jurisdiction over the Defendant because, upon information and belief, the Defendant conducts business within this judicial District.  Accordingly, venue is proper in this District under 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

9.      A representative of FJB Associates, LLC visited the home of Dr. and Mrs. Shea.

10.     Dr. and Mrs. Shea signed a contract to purchase a Clear Water Gutter Protection System from FJB on December 4, 2007.

11.     The contract amount was $4,496.00.  The payment was due in full ninety days from the completion of the job without interest.

12.     Dr. and Mrs. Shea explained to the representative of FSB that they would pay the balance due in full in ninety days and were not interested in financing.

13.     As a part of the contract paperwork and without adequate explanation, the FSB representative completed a credit application and placed same with G.E. Money Bank.

14.     The credit application was presented to Dr. and Mrs. Shea for signature after the rest of the paperwork was signed and was described as "some additional paperwork".

15.     Dr. and Mrs. Shea did not receive a copy of the "additional paperwork" at the time it was allegedly executed.

16.     Dr. and Mrs. Shea have subsequently learned that the "additional paperwork" was a GE Money Bank credit application for a $6,000.00 line of credit.

17.     Dr. and Mrs. Shea did not intend to apply for credit in this transaction and they received none of the disclosures required by 15 U.S.C.§ 1631.

18.     On April 12, 2008, within ninety days of the completion of the work, Dr. Shea sent a check to FJB in the amount of $4,496.00.

19.     Dr. Shea called FJB on April 21, 2008 and was told that they had no knowledge of the payment.

20.      Dr. Shea received instructions from FJB to send the payment to G.E. Money Bank and on April 23, 2008 Dr. Shea mailed the payment of $4,496.00 to G.E. Money Bank.

21.     Thereafter, Dr. and Mrs. Shea began to receive monthly bills from G.E. Money Bank for interest and other charges on a credit line of $6,000.00.

22.     Dr. and Mrs. Shea never intended to apply for credit and did not agree to pay interest on the purchase of the gutter system from FJB.

23.     Dr. and Mrs. Shea accepted the offer extended by FJB to pay for the work within ninety days and the amount due was paid as agreed.

24.     GE Money Bank has been sending billing statements, including escalating interest and penalties to Dr. and Mrs. Shea on a monthly basis.

25.     Dr. and Mrs. Shea have notified GE Money Bank that they do not owe any money to it.

26.     GE Money Bank has provided information to a collection agency who began harassing Dr. and Mrs. Shea on the telephone repeatedly calling their house and demanding payment.

27.     GE Money Bank has sent false and negative information to credit reporting agencies concerning this matter.

28.     Prior to the filing of this lawsuit Dr. and Mrs. Shea delivered a Consumer Protection Letter pursuant to M.G.L. Chapter 93A to FJB Associates, LLC and GE Money Bank. (attached hereto as "Exhibit A".

## FIRST CAUSE OF ACTION VIOLATION OF 15 U.S.C. § 1601 et seq.

29.     The Plaintiffs repeat the allegations and paragraphs 1 – 28 and incorporate them herein by reference.

30.     Upon information and belief, FSB Associates, Inc. placed the charges for the contract balance with GE Money Bank at the time of the initial contract execution.

31.     Neither FJB Associates, LLC nor GE Money Bank, made the required Truth in Lending disclosures to the plaintiffs before they first allegedly used the credit account, as required by 12 C.F.R. § 226.5(b)(1) (implementing 15 U.S.C. § 1631).

    Wherefore the Plaintiff demands judgment against GE Money including the following relief:

    1.     Damages as determined by this court; and
    2.     Reasonable attorney's fees.

## SECOND CAUSE OF ACTION VIOLATION OF M.G.L. CHAPTER 93A

32.     The Plaintiffs repeat the allegations and paragraphs 1 – 31 and incorporate them herein by reference.

33.     The representative of FJB Associates, LLC was acting as an agent for GE Money Bank when he allegedly executed a GE Money Bank credit application.

34.     The unauthorized application for credit and the imposition of finance and other charges on this purchase is a deceptive act or practice prohibited by M.G.L. Chapter 93A § 9.

Wherefore the Plaintiff demands judgment against the Defendants including the following relief:

1. That G.E. Money Bank immediately cancel the unauthorized account and remove all charges;
2. That any reports to credit reporting agencies be corrected to indicate that the account was opened in error and not at the request of Dr. and Mrs. Shea;
3. That the Defendants by ordered to pay damages in an amount to be determined by the court including multiple damages;
4. That the Defendant be ordered to pay attorney's fees and costs; and
5. For such other and further relief as the court deems just.

PLAINTIFF DEMANDS A TRIAL BY JURY

The Plaintiffs,
CYRIL E. SHEA and BARBARA SHEA
By their Attorney

\s\ Kenneth J. Gogel
Kenneth J. Gogel, Esq.
 BBO #547968
kgogel@gogel-gogel.com
2 Mattoon Street
Springfield, MA  01105
413-788-5683

Dated: January 26, 2009